# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 06-80379-DHW
                                                    Chapter 7

CYNTHIA S. HENDERSON,

      Debtor.

## ORDER GRANTING MOTION FOR EXTENSION

The debtor filed a motion on October 13, 2006 to extend the time for filing a statement of completion of a financial management course. The motion states that the debtor has completed the course but has not yet received her certificate.

11 U.S.C. § 727(a)(11) requires the debtor, after filing the petition, to complete an instructional course concerning personal financial management. Interim Bankruptcy Rule 1007 implements this requirement by requiring a chapter 7 debtor to file a statement regarding completion within 45 days after the first date set for the meeting of creditors. The court may extend the time for cause shown. *See* Interim Bankruptcy Rule 1007.

In the instant case, the statement regarding completion was due 45 days after July 20, 2006, the date first set for the meeting of creditors. The debtor did not file a motion to extend the time before the deadline expired. The clerk's office issued a notice on September 19, 2006 that the case would close without a discharge if the debtor did not file the required statement by October 10, 2006. The debtor filed nothing.

Then on October 13, 2006, the debtor filed this motion to extend the time for filing the statement. The debtor states that she completed the course on October 11, 2006 but has not yet received the certificate.

The debtor's delinquency may have subjected her to the higher standard of proving excusable neglect under Fed. R. Bank. R. 9006(b)(1)(2)

to obtain enlargement of the time period. One court has stated, "[T]he Court recognizes that exigent and compelling circumstances may occur which warrant an extension. However, these should be rare. . . . Simple inconvenience or lack of planning does not constitute grounds for an extension of time." *In re Martinez*, 2006 WL 681068 (Bankr. N.D. Iowa).

In the instant case, there has been no showing of even cause for extending the time. The debtor should have been aware when she filed the case that completion of the course was mandatory. Therefore, the court would be justified in denying the motion.

However, the requirement is still a relatively new addition to the Bankruptcy Code, and the court is reluctant at this stage to impose the harsh result of closing the case without the entry of a discharge. Accordingly, it is

ORDERED that the motion is GRANTED, and the time for filing the statement is EXTENDED to 30 days from the date of this order.

However, in the future it would behoove debtors to complete the course within the time allowed by law or file a motion to extend the bar date before the time has expired.

Done this 16th day of October, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   M. Joanne Camp, Attorney for Debtor
   Cecil M. Tipton, Jr., Trustee
   Teresa R. Jacobs, Bankruptcy Administrator